UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHERYL H.,

                              Plaintiff,

v.                                                    CASE NO. 1:22-cv-00495
                                                      (JGW)
COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
_____

APPEARANCES:                                  OF COUNSEL:


HILLER COMERFORD INJURY &                     MARY ELLEN GILL, ESQ.
DISABILITY LAW                                KENNETH R. HILLER, ESQ.
  Counsel for Plaintiff                       IDA M. COMERFORD, ESQ.
6000 North Bailey Avenue
Suite 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                   DANIELLA M. CALENZO, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II      ANDREEA LECHKEITNER,ESQ.
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

        The parties consented in accordance with a standing order to proceed before the

undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g).

The matter is presently before the court on the parties' cross-motions for judgment on the

pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of

the administrative record and consideration of the parties' filings, the plaintiff's motion for

judgment on the administrative record is DENIED, the defendant's motion for judgment

on the administrative record is GRANTED, and the decision of the Commissioner is AFFIRMED.

## I.      RELEVANT BACKGROUND

### A.      Factual Background

Plaintiff was born on October 13, 1968, and has at least a high school education. (Tr. 158, 199).  Generally, plaintiff's alleged disability consists of depression, fibromyalgia, dyssomnia, stress incontinence, female genital prolapse, neuromuscular dysfunction of the bladder, postmenopausal atrophic vaginitis, dyspareunia, muscle spasms and headaches.  (Tr. 157).  Her alleged disability onset date is May 1, 2014. (Tr. 199).  Her date last insured was December 31, 2017. (Tr. 199).

### B.      Procedural History

On November 29, 2015, plaintiff applied for a period of Disability Insurance Benefits (DIB) under Title II of the Social Security Act. (Tr. 140, 699). Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge (ALJ). On January 23, 2018, plaintiff appeared before ALJ Timothy McGuan. (Tr. 57-80).  On April 2, 2018, ALJ McGuan issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 34-52). On March 7, 2019, the Appeals Council (AC) denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 1-4). Plaintiff appealed to the District Court for the Western District of New York, which remanded the case for further administrative proceedings on August 4, 2020. (Tr. 783-93). The AC issued a remand order on September 16, 2020. (Tr. 794-96). Upon remand, the case was assigned to ALJ Bryce Baird, who held a telephonic hearing on August 26, 2021. (Tr. 706-52). ALJ Baird issued

another unfavorable decision on March 2, 2022. (Tr. 684-99). Plaintiff proceeded directly

to this Court.

### C.    The ALJ's Decision

Generally, in his decision, the ALJ made the following findings of fact and

conclusions of law:

1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2017.

2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of May 1, 2014 through her date last insured of December 31, 2017 (20 CFR 404.1571 et seq.).

3. Through the date last insured, the claimant had the following severe impairments: degenerative disc disease of the cervical spine and the lumbar spine, depression, and posttraumatic stress disorder (PTSD) (20 CFR 404.1520(c)).

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) in that she can lift and carry on occasion up to ten pounds, lift and carry frequent up to five pounds, can sit for six hours in an eight hour day, and can stand or walk two hours in an eight or day. Additionally, the claimant needs to stand, walk or stretch for one minute after 60 minutes of siting—for which the claimant will be off task for that 1 minute. The claimant can occasionally climb ramps or stairs, kneel, crouch or stoop—yet never balance, climb, ladders, ropes or scaffolds or crawl. The claimant can frequently handle objects with the right and the left hands. The claimant is further limited to frequent rotation, flexion, and extension of the neck. The claimant is limited to a moderate noise level, as the term "moderate is defined in the Selected Characteristics of Occupations, an Appendix to the Dictionary of Occupational Titles. The claimant is limited to no exposure to hazards such as unprotected heights or moving machinery. The claimant can have no direct exposure to bright or flashing lights. The claimant is limited to simple routine tasks that can be learned after a short determination or within 30 days. The claimant is limited to no more than occasional interaction with the public and co-workers.

6. Through the date last insured, the claimant was unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on October 13, 1968 and was 49 years old, which is defined as a younger individual age 45-49, on the date last insured (20 CFR 404.1563).

8. The claimant has at least a high school education (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569 and 404.1569a).

11. The claimant was not under a disability, as defined in the Social Security Act, at any time from May 1, 2014, the alleged onset date, through December 31, 2017, the date last insured (20 CFR 404.1520(g)).

## II.    THE PARTIES' BRIEFINGS

### A.    Plaintiff's Arguments

Plaintiff's primary argument is that the ALJ erred in finding her fibromyalgia was not a medically determinable impairment. (Dkt. No. 12 [Pl.'s Mem. of Law].)

### B.    Defendant's Arguments

In response, defendant argues the ALJ supported his step two finding with substantial evidence and further any such error would be harmless because the ALJ continued through the subsequent steps of the sequential evaluation and considered all alleged symptoms in the RFC.  (Dkt. No. 14 [Def.'s Mem. of Law].)

## III.   RELEVANT LEGAL STANDARD

### A.    Standard of Review

A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's

determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference,

and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs*., 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 404.1520. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV. ANALYSIS

First, plaintiff argues that ALJ Baird failed to follow the rule of mandate, or the law of the case, by finding plaintiff's fibromyalgia was not a medically determinable impairment, unlike ALJ McGuan, who had previously determined the impairment was severe in his initial denial of plaintiff's claim.[1] (Dkt. No. 12 at 19). Plaintiff argues that the rule of mandate bound the ALJ to find her fibromyalgia was severe and that upon remand, he was to only address plaintiff's RFC at step four of the sequential analysis, per the

---

[1] Plaintiff's argument focuses on fibromyalgia but she also mentions migraine headaches and vertigo in passing, which were also impairments found severe by ALJ McGuan but not ALJ Baird. (Dkt. No. 12 at 20).

district court's remand order. (*Id*.). "[T]he law of the case doctrine 'ordinarily forecloses relitigation of issues expressly or impliedly decided by [an] appellate court.' " *Marvin v. Colvin*, No. 15-CV-74, 2016 WL 2968051, at *3 (N.D.N.Y. May 20, 2016) (second alteration in original) (*quoting Starbucks Corp. v. Wolfe's Borough Coffee*, Inc., 736 F.3d 198, 208 (2d Cir. 2013)). Relitigation is impermissible "absent 'cogent' and 'compelling' reasons such as 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.' " *Id*. (*footnote omitted*) (*quoting Ali v. Mukasey*, 529 F.3d 478, 490 (2d Cir. 2008)).

On the other hand, the SSA's regulations provide that, upon remand, any issues relating to a claim may be considered by the administrative law judge. 20 C.F.R. §§ 404.983. Accordingly, "[t]he Commissioner is permitted to take any action on remand that is not inconsistent with the Court's remand order." *Pronti v. Barnhart*, 441 F. Supp. 2d 466, 473 (W.D.N.Y. 2006) (*citing Sullivan v. Hudson*, 490 U.S. 877, 886-87 (1989)). Courts resolve the apparent conflict between the regulations and the law of the case doctrine by permitting the Commissioner to revisit any issues so long as the court has not remanded the case with specific instructions or made findings of fact. *See Thompson v. Astrue*, 583 F. Supp. 2d 472, 474-75 (S.D.N.Y. 2008) (collecting cases). The court in *Thompson*, however, recognized that a court may implicitly limit the scope of a remand. *Id*. at 475 (collecting cases).

As part of the 2020 remand proceedings, plaintiff alleged to the District Court that the ALJ improperly minimized her subjective complaints of fibromyalgia. However, the court did not discuss the argument or make a finding regarding the argument because remand was warranted solely on the grounds of misinterpretation of plaintiff's work activity

during the relevant period. (Tr. 783-92). The District Court order remanded for a hearing and the Appeals Council order instructed the ALJ to offer the claimant the opportunity for a hearing, address the additional evidence submitted, take any further action needed to complete the administrative record and issue a new decision. (Tr. 796). Neither order expressly nor impliedly related to the step two finding of severe impairments. (Tr. 783-92, 796*). Tanya W. v. Comm'r of Soc. Sec.*, 2021 WL 4942092, at *6-7 (N.D.N.Y. Oct. 22, 2021) (finding law-of-the-case doctrine did not preclude ALJ from finding fibromyalgia non-medically determinable, even where prior ALJ decision found it was severe at step two, where the court's remand order did not include any express instructions regarding how the ALJ should handle the plaintiff's fibromyalgia or other impairments at step two, or in the RFC analysis); *Penny Lou S. v. Comm'r of Soc. Sec.*, 2019 WL 5078603, at *4-5 (D. Vt. Oct. 10, 2019) (ALJ did not violate law-of-the-case doctrine by finding fibromyalgia non-medically determinable, when he had previously found it severe, where the remand order broadly directed him only to "further evaluate" the plaintiff's impairments at step two, reassess the RFC, and incorporate evidence into the record from a prior disability claim).

Typically, the law of the case doctrine would bar relitigation of previously decided issues such as plaintiff's severe impairments, however, cogent and compelling reasons exist in this case to excuse ALJ Baird's departure from the prior ALJ's findings. *See Ali* 529 F.3d 490 (a basic principle imbedded in the law of the case doctrine is that the availability of new evidence presents a "cogent and compelling" rationale for an ALJ to revisit earlier findings that would otherwise be the law of the case.).

Here, after the case was remanded, plaintiff submitted over 800 pages of new medical records and a medical expert testified at the hearing. The ALJ's consideration of new medical evidence related to plaintiff's fibromyalgia provides substantial evidence for his disability determination and resolves the question of whether the rule of mandate case doctrine should apply. *See Tanya W.* 2021 WL 4942092, at *7. The ALJ did not apply his lay opinion to the new medical records, rather he relied upon an independent medical expert who testified at the August 26, 2021, hearing. According to medical expert Dr. Kaplan's testimony, there was sufficient objective medical evidence in the file to allow him to form an opinion about the nature and severity of plaintiff's impairments during the relevant period. (Tr. 712). Specifically, Dr. Kaplan testified that there was no definitive diagnosis of fibromyalgia that satisfied the criteria of "the Social Security regulations and the Social Security ruling." (Tr. 714). Accordingly, the ALJ obtained substantial new evidence to support his step two determination to exclude fibromyalgia as a medically determinable impairment and it would be improper to adopt the prior ALJ's step two findings. *See Marvin* 2016 WL 2968051, at *3.

Notably, plaintiff also contends the ALJ erred by not considering SSR 12-2p in his evaluation of plaintiff's fibromyalgia at step two. (Dkt. No. 12 at 20). Contrary to plaintiff's assertions, the ALJ specifically cited SSR 12-2p in his decision, and found that the requirements of the ruling were not met. (Tr. 696-97 n. 2). Additionally, at the hearing, the ALJ explained SSR 12-2 at length and told the plaintiff how he would proceed in light of Dr. Kaplan's response that there was not the requisite evidence in the record to make a finding of fibromyalgia as a medically determinable impairment. (*See* Tr. 743-44). Plaintiff concedes that the medical expert correctly understood the SSR, which was further

evidenced by the testimony when the ALJ closely questioned him about the Social Security ruling. (Dkt. No. 12 at 20-21). Dr. Kaplan explained that the evidence did not support any criteria was met for fibromyalgia to be considered a medically determinable impairment. (Tr. 720-21). Plaintiff's representative was given the opportunity to question Dr. Kaplan but asked no further questions about fibromyalgia. Notably, Dr. Kaplan found the evidence did not show the necessary specific positive tender points and plaintiff's counsel also acknowledged at the hearing that "the issue I saw here was a lot of the examinations say multiple trigger points and they don't – say how many out of how many." (Tr. 729; Tr. 720; *see* SSR 12-2p, 2012 WL 3104869, at *2-3 (requiring a finding of at least 11 out of 18 specific positive tender points on examination, which must be found both bilaterally and above and below the waist, along with a history of wide-spread pain and evidence that all other disorders that could be causing the symptoms were excluded).

In her brief plaintiff attempts to show how her medical records satisfy the criteria for finding her fibromyalgia severe, but it does not amount to a conclusive finding to undermine the ALJ's decision. Dr. Kaplan's opinion that fibromyalgia was non-medically determinable was well-supported, and the ALJ did not err by relying on his opinion. (Tr. 696-97).

Lastly, plaintiff has not shown she has greater limitations than found by ALJ Baird. While the ALJ relied on Dr. Kaplan for finding the fibromyalgia was not a medically determinable impairment, the ALJ nevertheless included Dr. Kaplan's opined limitations. (Tr. 692). Dr. Kaplan opined that plaintiff would be limited to sedentary work allowing for a sit/stand option, with additional postural and environmental limitations, and limitations pertaining to movement of the neck because of chronic pain syndrome. (Tr. 721-23).

While not accepting the diagnosis of chronic pain syndrome, the ALJ still credited plaintiff's reports of pain limiting her daily activities. (Tr. 693). Therefore, regardless of claimed error, courts have recognized that so long as the ALJ continues on with the sequential evaluation after step two and considers all of the limiting effects of the claimant's impairments in the RFC finding, it is harmless. *Rock v. Colvin*, 628 F. App'x 1, 2-3 (2d Cir. 2015) (errors at step two are harmless, so long as the ALJ considered all of the claimant's impairments in the RFC assessment); *Reices-Colon v. Astrue*, 523 F. App'x 796, 798 (2d Cir. 2013) (same).

Plaintiff additionally argues the ALJ should have accorded greater weight to other opinion evidence instead of Dr. Kaplan. However, it was the ALJ's duty to weigh the evidence of record and resolve any conflicts. *See Krull v. Colvin*, 669 F. App'x 31, 32 (2d. Cir. 2016) ("Krull's disagreement is with the ALJ's weighing of the evidence, but the deferential standard of review prevents us from reweighing it."). While plaintiff has cited evidence which she believes supports her view of the case, the ALJ supported his finding with substantial evidence which is sufficient for this court. *See McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) (even if Plaintiff can show that "the evidence is susceptible to more than one rational interpretation," in such cases, "the Commissioner's conclusion must be upheld.").

**ACCORDINGLY**, it is

> **ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 12) is
>
> > **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 14) is

**<u>GRANTED</u>**.


Dated: November 5, 2024                           J. Gregory Wehrman
Rochester, New York                               HON. J. Gregory Wehrman
                                                  United States Magistrate Judge